Philip L. Bailey, Esq. Town Attorney, Torrey
You have informed us that a member of the town highway department, while operating a town truck on town business, was involved in an accident with another vehicle. The Department of Motor Vehicles conducted an administrative hearing to determine whether the employee's license should be suspended or revoked. The town's liability insurer provided an attorney to represent the employee at the hearing. The administrative law judge revoked the employee's license and the employee now wishes to appeal the decision. Upon the settlement of a wrongful death action resulting from the accident, the town's insurer declined thereafter to represent the employee in the administrative proceedings. You have inquired whether the town, under the provisions of section 18
of the Public Officers Law, may pay the costs of legal fees for representation of the employee in the administrative appeal.
Section 18 of the Public Officers Law authorizes and establishes the procedure for defense and indemnification of officers and employees of localities. Its provisions apply upon the decision of the local governing body to confer the benefits of the section upon its employees. You have informed us that your town has applied the provisions of section 18 of the Public Officers Law to its employees.
Section 18 provides that a
 "public entity shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties" (§ 18[3][a]).
The public entity is required to indemnify and save harmless its employees "in the amount of any judgment obtained against such employee in a state or federal court, or in the amount of any settlement of a claim" provided that the act or omission occurred while the employee was acting in the scope of his public employment (id., § 18[4][a]).
Thus, by its terms section 18 requires defense of an employee in any "state or federal action or proceeding" and indemnification in the amount of any judgment "in a state or federal court" (see also, § 18[4][c]). In our view, the defense provision is no broader in scope than the indemnification provision, limiting provision of defense to actions or proceedings in State or Federal courts. It seems logical that the Legislature intended that the coverage of these provisions be coextensive. Further, the sponsor's memorandum indicates the purpose of section 18 is to provide uniform defense and indemnification provisions "identical to those found in Public Officers Law section 17" (Bill Jacket, L 1981, ch 277, Memorandum in Support of Assembly 2149-A by Weprin, Member of the Assembly). The provisions of section 17 expressly provide for defense and indemnification in any civil action or proceeding "in any state or federal court" (§ 17[2][a], [3][a]).
The authority of local governments to provide for defense and indemnification by local enactment has been recognized (see Corning vLaurel Hollow, 48 N.Y.2d 348, 354 [1979]). In our view, such a local law is consistent with the legislative intent underlying section 18
of the Public Officers Law. Coverage under section 18 is at the election of the local governing body (§ 18[2][a]). Additionally, section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18[12]). From this, we conclude that a local government may elect defense and indemnification under section 18, continue or provide for defense and indemnification under a local enactment or supplement local enactments with the provisions of section 18. Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, local governing bodies expressly are given the option of retaining local enactments and supplementing them through the application of section 18 (§ 18[12]).
We conclude that under section 18 of the Public Officers Law, a local public entity only may defend its employees in an action or proceeding in State or Federal court arising out of an act or omission allegedly occurring while the employee was acting within the scope of his public employment or duties. A local government may extend its obligation to provide defense through the enactment of a local law.